**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In the Matter of the** ) | |
| **Tax Indebtedness of** ) | Case No. 15-mc-00219-CM |
| **SCOTT GREGORY HATTRUP** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon respondent Scott Gregory Hattrup's Motion to Reopen Redemption Period (Doc. 13) and petitioner United States of America's Motion to Strike respondent's motion (Doc. 14).

**I.    Factual Background**

Petitioner originally filed this action to collect unpaid taxes by levying on pro se respondent Scott Hattrup's house. Because respondent's house was his principal residence, petitioner sought judicial approval of the levy under 26 U.S.C. § 6334(e)(1)(A). Out of an abundance of caution, the court held a hearing on respondent's objection because he proceeds pro se, although the court now notes that respondent did practice law for a period of time. After a hearing, on February 10, 2016, the court issued an order granting the levy. Respondent did not appeal and the court terminated the case.

On June 13, 2017, respondent filed his current motion, claiming that petitioner auctioned his house on October 6, 2016, but never notified him of the sale. Respondent first learned about it from the purchaser's attorney on May 17, 2017, well beyond the 180-day statutory redemption period. Respondent argues petitioner's failure to notify him deprived him of due process by preventing his timely redemption of the property.

Petitioner then filed its motion to strike respondent's motion. Petitioner argues that the court should dismiss respondent's motion under Federal Rule of Civil Procedure 12(b)(1) and (2) because respondent failed to establish the court's subject-matter and personal jurisdiction. Alternatively,

-1-

petitioner argues that the court should strike the motion under Rule 12(f) because respondent's motion can be construed as a pleading that is immaterial to the original February 2016 case. Respondent's response attempts to meet the 12(b)(1) and 12(b)(2) requirements by listing statutes giving the court jurisdiction. Respondent also argues that the issues and parties involved in his motion are the same as those in the original case, and because reviewing his motion now would promote judicial efficiency, the court should not strike it.

## II.     Legal Standards

### A. Administrative Tax Levy

Government tax levies initiated under 26 U.S.C. § 6331–44 are administrative levies. *United States v. Rodgers*, 461 U.S. 677, 682 (1983). Administrative levies generally do not require court involvement. However, if the taxpayer owes more than $5,000 and does not have sufficient assets to pay the amount due, the government may levy a taxpayer's residence after obtaining court approval. 26 U.S.C. § 6334(a)(13), (e). In its petition to the court, the government must show: "[t]he underlying liability has not been satisfied, the requirements of any applicable law or administrative procedure relevant to the levy have been met, and no reasonable alternative for collection of the taxpayer's debts exists." 26 C.F.R. § 301.6334-1(d)(1).

If the taxpayer files a timely objection asserting a genuine dispute of material fact which challenges any of the three elements under § 301.6334-1(d)(1), the court will schedule a hearing where the taxpayer may refute the government's contentions. 26 C.F.R. § 301.6334-1(d)(2). If the court grants the levy, the government may sell the residence. 26 U.S.C. § 6335. The taxpayer may redeem the property within 180 days of the sale by paying the purchaser the purchase price plus interest. 26 U.S.C. § 6337(b)(1), (2).

### B. Requirements to Establish Personal Jurisdiction

To initiate a lawsuit, the Federal Rules of Civil Procedure require a party to file a complaint with the court, obtain a summons signed by the clerk and stamped with the court's seal, and serve the other party with both documents. Fed. R. Civ. P. 3–5. The summons is crucial in initiating a lawsuit as it "[directs] an individual . . . to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946). Only after the summons has been served may a federal court exercise personal jurisdiction over a defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

**III. Discussion**

Because respondent filed an objection to the government's petition to levy upon his personal residence, the court held a hearing, heard his objection, and issued a written order of judicial approval to levy respondent's principal residence. In addition to stating respondent's tax liability exceeded $5,000, the petition asserted: respondent had not paid the amount owed; petitioner adhered to applicable laws and procedures related to the levy; and no reasonable alternatives existed to satisfy respondent's debt. The court's involvement was limited to assessing respondent's challenges to those three assertions. Respondent objected to the second and third assertions, the court heard those objections, and finding respondent's arguments unpersuasive, the court then issued an order granting the court's approval for petitioner to levy upon respondent's principal residence.

The court order constituted a final decision. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The court evaluated the merits of petitioner's and

respondent's arguments and granted the petition. This ended the litigation, and the court closed the case.

Respondent's current submission attempts to reopen that case. But he does not provide any precedent suggesting that doing so is proper. His only argument is that it would promote judicial efficiency and allow the case to progress more swiftly than starting a new case. But respondent ignores the fact that this case was only before the court to resolve the very discrete issue of whether petitioner should be allowed to levy on respondent's personal residence. The court decided that issue and closed the case. Absent authority to the contrary, the court will not now reopen the case to hear respondent's grievances on that process. Though respondent construes his filing as a motion, it is more analogous to a complaint. It raises an issue outside the scope of those previously addressed by the court and seeks relief that was originally unavailable. The proper course for respondent to address petitioner's alleged failure to notify him of the redemption period for his residence is not to file a motion in this case. This case is closed.

**IT IS THEREFORE ORDERED** that respondent's Motion to Reopen Redemption Period (Doc. 13) is dismissed.

Dated August 3, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**